**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|   |   |   |
|---|---|---|
| | : | |
| **DAWN MCATEER,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  20-101** |
| | : | |
| **STATE FARM INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

_____ :

**Goldberg, J.**                                                                    **November 23, 2020**

**<u>MEMORANDUM OPINION</u>**

Plaintiff Dawn McAteer has sued Defendant State Farm Insurance Company ("State Farm") for bad faith and to compel arbitration in connection with Defendant's alleged failure to pay benefits pursuant to an underinsured motorist policy.  Defendant moves to dismiss both of these claims.  For the following reasons, I will grant the Motion and dismiss the Amended Complaint in its entirety.

## I.   FACTUAL BACKGROUND

The following facts and procedural history are taken from Plaintiff's Amended Complaint and, to the extent necessary, from public records in the Pennsylvania state courts.[1]

---

[1]      In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), I must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  <u>Atiyeh v. Nat'l Fire Ins. Co. of Hartford</u>, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

As a general rule, a district court reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "may not consider matters extraneous to the pleadings" without converting the motion into one for summary judgment.  <u>In re Burlington Coat Factory Secs. Litg.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).  The rule, however, has three exceptions that permit courts to consider: (1) exhibits attached to the complaint; (2) matters of public record; and/or (3) undisputedly authentic documents integral to or explicitly relied upon in the complaint.  <u>Schmidt v. Skolas</u>, 770 F.3d 241, 249 (3d Cir. 2014).

Plaintiff was involved in an automobile collision on July 31, 2001, and suffered serious, continuing, and permanent injuries.  At all relevant times, she was insured under her motor vehicle policy with Defendant State Farm that included both insured and underinsured motorist coverage. (Am. Compl. ¶¶ 2, 7–8.)

On December 2, 2002, Plaintiff sued the individuals responsible for the automobile collision in the Philadelphia Court of Common Pleas.  That suit was "tentatively settled" in October 2003.  (Id. ¶¶ 10–11.)

Plaintiff then made claims for coverage under her policy with Defendant and fully cooperated with Defendant during the claim process.  She asserts that "[o]ver the years, the various insurance companies in the State of Pennsylvania did everything possible to change the law and their insurance policies to lessen or eliminate as many or as much coverage or opportunities for success for their insureds or claimants."  (Id. ¶¶ 13–14.)

On April 23, 2004, Plaintiff, through her then-counsel, filed a Petition to Appoint Arbitrator and Compel Arbitration in the Philadelphia County Court of Common Pleas because: (1) the third party liability case was filed and settled in that county, (2) State Farm policies originally allowed their insureds to petition for uninsured and underinsured claims in any county in Pennsylvania where Defendant did substantial business, and (3) Defendant told Plaintiff that she must file her petition in the county in which she lived.  Defendant, however, informed Plaintiff that the Petition to Appoint and Compel should have been filed in the Court of Common Pleas of Bucks County

---

Here, the decisions from the Pennsylvania state courts regarding this case are a matter of public record and are explicitly relied upon in the Amended Complaint.  "[A] prior judicial opinion constitutes a public record of which a court may take judicial notice."  M & M Stone Co. v. Pa., 388 F. App'x 156, 162 (3d Cir. 2010); see also Lewis v. O'Donnell, 674 F. App'x 234, 237 (3d Cir. 2017) (reviewing complaint and state court documents in ruling on a motion to dismiss).

since Plaintiff was residing there with her sister while recovering from brain cancer, instead of in Philadelphia County, where Plaintiff had lived almost all of her life. (Id. ¶¶ 4–6, 18–21, 27.)

The trial judge assigned to hear the Petition to Appoint ordered the parties to conduct discovery on issues of where the Petition should have been filed and what the insurance policy directed. Plaintiff's counsel attempted to comply with the court's order, but, according to the Amended Complaint, was hindered by Defendant's failure to supply evidence. As a result, Plaintiff's counsel could not compile all evidence in the time allotted by the court, and, on July 19, 2004, the court directed the transfer of the Petition to the Court of Common Pleas of Bucks County. Nonetheless, State Farm knew, based on Plaintiff's deposition, that Defendant lived in Philadelphia with her daughter. (Id. ¶¶ 28–31.)

Shortly thereafter, Plaintiff's counsel had "personal and professional situations that prevented him from going forward with this matter." Because Plaintiff also had personal and health problems, she was unable to proceed with this matter for many years. In 2011, she hired new counsel to proceed with her uninsured/underinsured motorist claims. At that juncture, the Disciplinary Board, Disciplinary Counsel, and the Court had taken over Plaintiff's former counsel's office, files, records, and computers, so that new counsel was forced to start from scratch. (Id. ¶¶ 32–34.)

On November 15, 2011, Plaintiff then filed a Second Petition to Appoint an Arbitrator and Compel Arbitration in Philadelphia County, Pennsylvania. The court denied Plaintiff's Second Petition based on the prior judge's order transferring the First Petition to Bucks County. In early 2014, the Pennsylvania Superior Court affirmed in part and denied in part the Order of the Philadelphia County court regarding the Second Petition. (Id. ¶¶ 37, 39–41.)

On February 6, 2012, while the Second Petition was still active, Defendant filed a Third Petition in Bucks County Pennsylvania, alleging that Plaintiff lived and resided in Bucks County. (Id. ¶ 42.)  For the next two years, Defendant allegedly "perpetrated a continuing fraud on the Court of Bucks County Pennsylvania and [Plaintiff] by stating under oath that [Plaintiff] lived and resided in Bucks County, when she did not and then even trying to serve her by substituted service, improperly, with an outdate[d] and stale copy of same."  (Id. ¶ 45.)  Defendant also attempted to have the Sheriff of Philadelphia County serve Plaintiff in Philadelphia, where she lived "at all times relevant to the filed Petitions," although they tried at an address from which she had already moved.  (Id. ¶ 46.)

After repeated attempts to serve this Third Petition on Plaintiff at various addresses, the court permitted "alternative service by means of publication or regular and certified U.S. Mail, and by serving Plaintiff's last known attorney of record."  State Farm Ins. Co. v. McAteer, No. 576 EDA 2018, 2019 WL 1056810, at *1 (Pa. Super. Ct. Mar. 5, 2019).  Defendant then filed various certifications of service upon Plaintiff and her alleged counsel, and the Court entered a Rule to Show Cause on November 6, 2013.  (Am. Compl. ¶ 47–48); McAteer, 2019 WL 1056810, at *2. At no time did any counsel enter their appearance in Bucks County on behalf of Plaintiff, and the Rule was made absolute on May 6, 2014.  (Am. Compl. ¶ 49); McAteer, 2019 WL 1056810, at *2.

Thereafter, Defendant filed a Motion to Dismiss for Lack of Prosecution and Violation of the Order to the Court, which was granted.  McAteer, 2019 WL 1056810, at *2; (Am. Compl. ¶¶ 51–52.)  Plaintiff's counsel did not answer subsequent phone calls or messages from the neutral arbitrator attempting to schedule an arbitration proceeding.  McAteer, 2019 WL 1056810, at *2. As a result, Plaintiff's arbitrator did not participate in the proceedings and the arbitration panel decided in favor of Plaintiff on November 3, 2014.  Id.  A Judgment on the Award of the Bucks

County Arbitrators was entered in favor of Defendant on December 10, 2014, and notice of the Judgment was mailed in accordance with Pa. R. Civ. P. 236. Id.; (Am. Compl. ¶ 56.) Plaintiff claims that she received no notice of anything regarding the Third Petition. (Am. Compl. ¶ 49.)

Almost two years later, on December 6, 2016, Plaintiff filed a Petition to Strike, Set Aside and Open Judgment, Award, and all Actions of the Arbitrators in the Bucks County Court of Common Pleas. McAteer, 2019 WL1056810, at *2. Defendant responded by seeking a protective order from the court. Id. On January 18, 2018, the Bucks County court granted Defendant's motion for protective order and denied Plaintiff's Petition to Strike. Id. Plaintiff appealed to the Pennsylvania Superior Court, which affirmed finding that: (1) Plaintiff waived her claims by failing to properly file her statement of issues on appeal; (2) the statement of issues that she sent to the trial judge preserved no issues due to its incoherence; and (3) her request to set aside the arbitration was untimely filed two years after the arbitration award. McAteer, 2019 WL 1056810, at *2; (Am. Compl. ¶¶ 61–63.)

Plaintiff filed her federal court action in January 2020, and amended her Complaint on March 20, 2020. The Amended Complaint alleges: (1) bad faith under 42 Pa.C.S. § 8371 for failure to timely pay first-party and underinsured motorist benefits under her policy in connection with the 2001 accident, and (2) a demand for arbitration of Plaintiff's breach of contract claim resulting from Defendant's failure to pay benefits to Plaintiff under her insurance policy.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and only a complaint that states a plausible claim for relief survives a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id. at 679.

The Court of Appeals has detailed a three-step process to determine whether a complaint meets the pleadings standard.  Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014).  First, the court outlines the elements a plaintiff must plead to state a claim for relief.  Id. at 365.  Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id.  Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679).  The last step is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679).

## III.   DISCUSSION

### A.   <u>Bad Faith Claim</u>

Defendant first contends that Plaintiff's bad faith claim is barred on statute of limitations grounds.

A two-year statute of limitations applies for a § 8371 claim. See Haugh v. Allstate Ins. Co., 322 F.3d 227, 236 (3d Cir. 2003); Ash v. Cont'l Ins. Co., 861 A.2d 979, 984 (Pa. Super. Ct.

2004).  The statute of limitations starts to run when the plaintiff's "right to institute and maintain the suit arises; lack of knowledge, mistake, or understanding do not toll the running of the statute of limitations."  Barnes v. Am. Tobacco, Inc., 984 F. Supp. 842, 857 (E.D. Pa. 1997) (quoting Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983)). "[A] claim accrues when a plaintiff is harmed and not when the precise amount or extent of damages is determined."  Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1042 (Pa. Super. Ct. 1999). A bad faith claim, in particular, accrues when the insurer definitively denies coverage.  See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 224–25 (3d Cir. 2005).  "Thus, where an insurer clearly and unequivocally puts an insured on notice that he or she will not be covered under a particular policy for a particular occurrence, the statute of limitations begins to run and the insured cannot avoid the limitations period by asserting that a continuing refusal to cover was a separate act of bad faith."  CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co., 645 F. Supp. 2d 354, 365 (E.D. Pa. 2009); see also Goddard v. State Farm Mut. Auto. Ins. Co., 992 F. Supp. 2d 473, 478 (E.D. Pa. 2014) ("Repeated or continuing denials of coverage do not constitute separate acts of bad faith giving rise to a new statutory period.").

Here, taking the Amended Complaint's facts as true, and considering the public record on which the Amended Complaint relies, I find that the bad faith claim is barred by the statute of limitations.  Plaintiff first challenged Defendant's coverage decision in her April 23, 2004 Petition to Appoint Arbitrator and Compel Arbitrator.  The Philadelphia Court of Common Pleas transferred that Petition to Bucks County on July 19, 2004.  Thereafter, Plaintiff took no action until November 15, 2011, when she filed the Second Petition to Appoint Arbitrator and Compel Arbitration in the Philadelphia Court of Common Pleas.  The Court of Common Pleas again transferred it to Bucks County and, on appeal, the Superior Court affirmed that ruling in a January

7, 2014 decision.  Just prior to that January ruling, Defendant filed the Third Petition to Appoint Arbitrator.  Arbitration was ordered and the arbitration panel decided in favor of Defendant on November 3, 2014.  The trial court then entered a judgment in Defendant's favor on December 10, 2014.

In light of these facts, the December 10, 2014 entry of judgment, affirming the arbitration award, clearly put Plaintiff on notice that she would not obtain her requested coverage under the policies issued by Defendant.  Accordingly, her bad faith claim accrued on that date.  In turn, Plaintiff's failure to file her federal complaint until more than five years later violates the statute of limitations and requires dismissal of the claim as time barred.

In an effort to avoid this time bar, Plaintiff invokes the discovery rule.  The "discovery rule" will toll the running of the limitations period until "the plaintiff knows or reasonably should know (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." Romah v. Hygienic Sanitation Co., 705 A.2d 841, 857 (Pa. Super. Ct. 1997) (quotations omitted).  Generally, "once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim." Id. (emphasis omitted) (quoting Vernau v. Vic's Mkt., Inc., 896 F.2d 43, 46 (3d Cir. 1990)).  "[I]t is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to initiate suit within the prescribed period." Crouse v. Cyclops Indus., 745 A.2d 606, 611 (Pa. 2000) (citation omitted); see also Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983).

Plaintiff here asserts that "the fraud occasioning the institution of this litigation was only discovered when [Plaintiff] returned to Pennsylvania after being in Utah and learned of the

existence of [Defendant's] sham judgment in the arbitration proceeding.  It must be remembered that [Plaintiff] was without the benefit of counsel, relative to the UIM proceeding, at the time that the sham arbitration result was improperly entered as a judgment by the prothonotary."  (Pl.'s Opp'n Mot. to Dismiss 14.)  She posits that she had not received any notice of the original arbitration proceeding or the judgment entered thereon.  Ultimately, she instituted her federal action within two years of the trial judge's order denying her motion to strike the sham judgment entered in her arbitration proceeding.

Plaintiff's invocation of the discovery rules fails on several grounds.  First, other than a general allegation that Plaintiff was in Utah during the pendency of the Third Petition to Appoint Arbitrator, Plaintiff fails to provide any basis  for her failure to exercise a modicum of diligence with respect to her ongoing insurance claim.  Moreover, even giving Plaintiff the benefit of the doubt that she could not have discovered the entry judgment against her in 2014, it is undisputable that Plaintiff had notice of that judgment when her attorney filed, on her behalf, a Petition to Strike, Set Aside and Open Judgment, Award, and all Actions of the Arbitrators on December 6, 2016.  Yet, Plaintiff waited more than three years thereafter to initiate this action in federal court.[2]

In light of the foregoing, I find that reasonable minds cannot differ on the fact that Plaintiff knew of the judgment against her no later than December 6, 2016.  See Crouse, 745 A.2d at 611 (holding that the commencement of the limitations period may be determined as a matter of law

---

[2]     I take judicial notice that, via a March 15, 2018 contractual agreement, Plaintiff assigned her rights pertaining to her insurance bad faith claim to her prior attorney, Alan Feingold.  Mr. Feingold then commenced a bad faith action in this Court under Feingold v. State Farm, Civil Action No. 18-4991.  On June 10, 2019, I dismissed that case holding, in part, that Plaintiff's assignment of her bad faith claim was void.  The matter is currently on appeal to the United States Court of Appeals for the Third Circuit.

"where the facts are so clear that reasonable minds cannot differ.").  Accordingly, I will dismiss

Plaintiff's bad faith claim as untimely.

      **B.**    <u>**Arbitration**</u>

Plaintiff's second cause of action for "Federal Arbitration" alleges that:

> 74.    At the time of the aforesaid collision, Plaintiff was an insured under and covered by a policy of motor vehicle insurance, that she purchased, which provided for first party benefits, as well as uninsured and underinsured motorist coverages, requiring arbitration, in connection with her collision.

> 75.    At the time of the foresaid collision, Plaintiff was insured under and covered by policies of motor vehicle insurance, that her sister and brother-in-law purchased, which provided uninsured and underinsured motorist coverages requiring arbitration, that also covered and insured the Plaintiff in connection with her collision.

> 76.    Defendant, State Farm has refused to make full, timely, proper or appropriate payment to the Plaintiff despite clear, proper and rightful entitlement to or under one or more of the aforesaid coverages or arbitration.

> 77.    As a result, and consequence, Plaintiff has been deprived of the benefits rightfully owing to her by virtue of the payment of premiums to the Defendant.

> 78.    This Court properly has jurisdiction of this matter under the Federal Arbitration Act, 9 U.S.C. Section 4, as the insurance policies in question contain mandatory arbitration clauses and these are in dispute.

> WHEREFORE, plaintiff respectfully requests judgment in her favor and against the defendant in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs, together with interest at 3% over prime on all unpaid benefits, attorney's fees, punitive damages and such further relief as deemed appropriate by the Court, as well as arbitration.

(Am. Compl. ¶¶ 74–78.)

      Aside from a request to compel arbitration, I cannot discern from these allegations what

exactly Plaintiff is alleging or seeking.  Plaintiff's response to the Motion to Dismiss offers little

clarification, asserting that Defendant has refused to arbitrate the insurance claims and "[t]here being the existence of an arbitration clause, at least with respect to a portion of the claims advanced in the complaint, the Court's obligation is to direct the arbitration of those claims."  (Pl.'s Opp'n Mot. to Dismiss 15.)  Plaintiff requests that the proposed Motion to Dismiss be denied and the matter submitted to arbitration.  (Id.)

The Rooker-Feldman doctrine precludes my consideration of this claim.  The Rooker-Feldman doctrine derives from two United States Supreme Court cases which established that federal district courts may not exercise jurisdiction over suits that are essentially appeals from state-court judgments.  Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

In order to determine when the Rooker-Feldman doctrine divests a federal district of jurisdiction to consider a plaintiff's claim, a court must find that four factors are satisfied:  "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments;' (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Great W. Mining & Miner Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original). The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim.  Id.  Thus, it is incumbent on the district court to "identify those federal suits that profess to complain of injury by a third party, but actually complain of injury

11

'produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" Id. at 167 (quoting Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005)).

Applying those elements, I find that the Rooker-Feldman doctrine clearly bars Plaintiff's "federal arbitration" claim. Plaintiff filed two state court actions to compel appointment of an arbitrator for purposes of her arbitrating her insurance claims, but twice did so in the wrong forum. Defendant responded by filing its own motion to compel appointment of an arbitrator in the correct forum in Bucks County. The state court granted Defendant's motion and the insurance claims were then arbitrated without the participation of Plaintiff's arbitrator due to Plaintiff's failure to appear. The state court entered judgment on the Award of the Arbitrators. Subsequently, but still prior to this federal action, Plaintiff moved to strike this arbitration award, which was denied by both the Bucks County Court of Common Pleas and the Pennsylvania Superior Court.

In light of this history, it is clear that Plaintiff's current request that this Court compel arbitration of her insurance claims is nothing more than a challenge to a final decision rendered by the Pennsylvania state courts. The current action complains of injuries and seeks damages resulting from the state courts' refusal to reopen the judgment against Plaintiff and to re-arbitrate the insurance coverage claims. Under the Rooker-Feldman doctrine, I lack jurisdiction over such a claim.

## IV.    CONCLUSION

For all of the foregoing reasons, I will grant Defendant's Motion in its entirety and dismiss Plaintiff's Amended Complaint.[3]  An appropriate Order follows.

---

[3]     Defendant also asserts that Plaintiff's claims are barred by the prior-pending action doctrine. As I dismiss Plaintiff's Amended Complaint on other grounds, I need not discuss that argument here.